RECEIVED

NOV 1 8 2016

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA
BY: _____

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

_____ DIVISION

5:16-cv-1610

ALONZO GERALD RICHARDSON (Plaintiff)     CIVIL ACTION NO._____

VERSUS                                    JUDGE_____

BOSSIER CASINO VENTURE, INC. (Defendant)  MAGISTRATE JUDGE_____

**Jury Trial Demanded**

COMPLAINT

1. The plaintiff in this case is Alonzo Gerald Richardson, who is a citizen of Texas, and whose mailing address is 280 Floyd Evans Rd, Marshall, TX, 75672.

2. The defendant in this case is, Bossier Casino Venture, Inc., whose mailing address is 91 Settlers Trace BLVD., BLDG. 2, Suite B, Lafayette, LA, 70508.

3. This court has jurisdiction over this civil action because the plaintiff's claims arise under federal law, Title VII of the Civil Rights Act of 1964.

4. On July 21, 2013, a Bell Captain and Security Guard laughed and whispered every time plaintiff walked by from assisting guests. At the end of his shift, this security guard called Mr. Richardson over to his station. He asked Mr. Richardson to wait there for several minutes until no one was around. He then stated to him, "I don't like the way you look at me… are you a punk?", when asked for clarity he stated "I'm not a faggot, and it seems like you like me or something". This conversation went on for several minutes. After this engagement, Mr. Richardson immediate sent a text message to his direct manager and her assistant detailing the interaction.

5. After the incident on July 21, 2013, Mr. Richardson's coworkers would routinely and intentionally make extremely lude comments about women who passed by them and then encouraged his thoughts about the female's body parts. When Mr. Richardson declined to comment, they would question his sexuality, joke and belittle him. This occurred nearly every day he worked.

6. Quite frequently a Bell Captain would refer to those who worked outside as "Fields Niggas" and due to him not wanting to go out in the hot sun and him being "light skinned", he would call himself a "House Nigga". This same Bellman not only made comments about his skin tone, he also stated that he didn't find dark skinned women attractive and that he was looking forward his child, which was on the way, "looking white" due to his wife being of European descent.

7. Plaintiff attempted to move from the harassment. Ms. Walton, his direct manager, was asked what were the steps to apply for a transfer and she replied "You just go online and apply". When plaintiff applied, he was given an "audition" with 5 outside candidates. It was later discovered that he needed to fill out an "internal Transfer Form" which the plaintiff's manager was aware of since she had assisted another Bellman transfer to a different department and provided a letter of recommendation. This option was never offered to Mr. Richardson. It is a firm belief that this was an act of retaliation.

8. Mr. Richardson requested Paid Time Off (PTO) on August 20, 2013. Once on vacation, the Bell Captain that he had placed the request with, instructed, via text message that he needed to come in to work to fill out an official "Request Form". When Mr. Richardson informed the Bell Captain that he was out of town the Bell Captain responded that it was "not a big deal" and that his PTO had already been "Ok'd". When Mr. Richardson returned to work, he was told by his direct manager that he would receive a 1 point deduction for what is called a "call out". It is a firm belief that this was an act of retaliation for complaining and "coming out" to management about his sexuality.

9. September 25, 2013, Mr. Richardson's direct manager, Jordan Walton, wrote him up for a "no call/no show", a 5-point infraction because she had changed the Bellmen's schedules in the middle of the work week after the schedules were already given out. Mr. Richardson had to escalate his complaint to her direct manager to get the points removed. In a recorded conference with Ms. Walton's manager on December 23, 2013 it was stated that her actions against him were due to their personalities not "jiving" well together. It is believed that the actions taken on September 25th was an act of retaliation.

10. After the plaintiff's initial complaint, his hours were drastically cut and when additional hours became available he would be called on a number that he told management on several occasions, including recorded occasions, did not work. He would also be called not to come in to work more often than other coworkers and told to leave early at a greater frequency than his other coworkers. Mr. Richardson was also permanently placed on low volume days. It is firmly believed that these actions were an ongoing form of retaliation.

11. November 4, 2013, Mr. Richardson was called into the back office by Ms. Walton to be told that he was receiving a "Verbal Warning" for job abandonment due to leaving the property. He was not allowed to explain that he was instructed by a Bell Captain to get fitted for the winter wardrobe in another building. Mr. Richardson inability to clarify his whereabouts before being written up appeared to malicious and manufactured in nature and is a firm belief that this too, was an act of retaliation.

12. After receiving a "Verbal Warning" plaintiff wrote a "Formal Letter of Complaint" that was hand delivered to the Human Resource Director the next day on November 5th. On December 23, 2013 both the Human Resource Director and the hotel's General Manager scheduled a meeting

with him that was voice recorded. This was also the first time Mr. Richardson reported being called a "Field Nigga".

13. The next day, December 24, 2013, Mr. Richardson was placed under the supervision of the same Bell Captain who had call him a "Field Nigga" and was severely harassed on that day. On December 24th Mr. Richardson was demanded to go into the Bellman's closet to read outdate materials and promotions during peak check out hours. And then was told to leave early.

14. On December 24th, Mr. Richardson requested a leave of absence which was granted. Subsequently, he received a letter dated March 4, 2014 from the Director of Human Resource, instructing him to contact his direct manager. When his manager could not be reached, a certified letter was mailed to his work address, 777 Margaritaville Way, Bossier City, LA 71111 requesting additional time, dated March 8, 2014.

    On June 24, 2014, in a recorded teleconference, Ms. Walton stated that the plaintiff's employment was terminated because he had been placed on the schedule and did not show up for work. Mr. Richardson was not made aware of this scheduling.

    Although there was no knowledge of being placed on the schedule, the Plaintiff's Certified Letter was received approximately an hour before said schedule to work. The plaintiff's termination was coded as a "No Call/No Show". Per the Margaritaville's Handbook, Mr. Richardson hadn't accrued the infraction points necessary for his employment to be terminated.

15. The plaintiff would like to ask the courts to mandate changes in BOSSIER CASINO VENTURE, INC.'s policies and procedures to include wording that protect those who are a part of the Lesbian, Gay, Bisexual and Transgender community as well as including verbiage in their policies against "Colorism". He is requesting $300, 000.00 for lost wages and pain & suffering. This complaint will also serve as a request for a "Trial by Jury".

_____   11/17/16
Alonzo G. Richardson         Date

280 Floyd Evans Rd.

Marshall, TX 75672

Tele: (562)652-7233

JS 44 (Rev. 08/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Richardson, Alonzo G.

**(b)** County of Residence of First Listed Plaintiff: Harrison
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
280 Floyd Evans Rd.
Marshall, TX 75672

## DEFENDANTS
Bossier Casino Venture, Inc.

County of Residence of First Listed Defendant: Lafayette Parish
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII of the Civil Rights Act of 1964
Brief description of cause:
Harassed and retaliated against in the workplace

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE:
DOCKET NUMBER:

DATE: 11/17/2016
SIGNATURE OF ATTORNEY OF RECORD:

**FOR OFFICE USE ONLY**

RECEIPT # | AMOUNT | APPLYING IFP | JUDGE | MAG. JUDGE